# ROY-WEBB LIMITED, INC.
*vs.*
## JOSEPH M. TONE, ADMINISTRATOR

Superior Court        New Haven County        File No. 56045

### MEMORANDUM FILED JULY 5, 1939.

*Julius Maretz,* of Greenwich, for the Appellant.

*Harry Silverstone,* Assistant Attorney General, for the Appellee.

O'SULLIVAN, J.   This is an appeal from the determination by the defendant of the amount due from the plaintiff under the Unemployment Compensation law (Supp. [1937] chap. 280a).   The appeal raises the question whether the action of the defendant was illegal and illogical in deciding that the plaintiff had more than four employees in its employment so as to make it fall within the provisions of the act.

Section 804d of the Supplement to the General Statutes (1937) provides that every employer shall be subject to this chapter if he has five or more employees in his employment.   By statutory definition "employment" means any service, including service in interstate commerce, performed under any express or implied contract of hire creating the relationship of master and servant, whether such service is performed in this state or elsewhere, provided a greater part thereof is customarily performed in Connecticut (Supp. [1937] §803d).

The plaintiff has six employees, four of whom work in New Haven.   It is engaged in the tailoring business and conducts salesrooms in New York and New Haven, and makes suits of clothes in a workshop in the latter city.

Herbert Roy and Harry Weber are two of its six employees. The former lives in New Haven. He spends one full day a week at the New Haven office. On all other week days he commutes to New York, leaving at 8 a.m. and returning at 8 p.m. Occasionally he stops for five or ten minutes at the New Haven office before going to or upon his return from New York to look over the mail and to perform kindred tasks.

Without repeating his work in detail, it is ample to observe that Weber, the other named employee, is away from New Haven on three or more days a week.

The defendant concedes that, measured by the clock, both of these employees spend more time at work outside of than within the State of Connecticut. But he claims that their efforts should be measured qualitatively and not quantitatively and urges that certain executive work performed at New Haven in his capacity as an officer of the corporation requires the conclusion that each should be deemed to be devoting the greater part of his services within Connecticut.

This argument is specious and, if pursued, would lead to the greatest uncertainty. The standard by which to determine whether either Roy or Weber perform a greater part of his service to this corporation within this state is the number of working hours consumed and not the value to the company of his efforts on any day or any hour.

As it is conceded that by this standard there are but four employees who devote their service in the greater part within Connecticut, it was impossible, legally and logically, for the defendant to have reached the conclusion he made.

Therefore, the appeal is sustained and judgment may enter accordingly.